**LING YONG LI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–41107.**

United States Court of Appeals, Second Circuit.

March 16, 2006.

Thomas V. Massucci, New York, NY, for Petitioner.

Jim Letten, United States Attorney for the Eastern District of Louisiana (Sharon D. Smith, Diane Hollenshead Copes, Assistant United States Attorneys, on the brief), New Orleans, LA, for Respondent.

Present: RICHARD J. CARDAMONE, ROSEMARY S. POOLER, and PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the decision of the Board of Immigration Appeals, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ling Yong Li, through counsel, petitions for review of an order of the Board of Immigration Appeals ("BIA"), affirming a

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

decision of an Immigration Judge ("IJ") denying Ling Yong Li's application for asylum. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues on appeal.

Where, as here, the BIA issues a decision summarily affirming the decision of the IJ, the decision of the IJ is a proper subject of review. *See Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 157, 158 (2d Cir.2004) (per curiam) (upholding the BIA's summary affirmance procedure). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005) (per curiam).

After reviewing the record, we are persuaded that the inconsistencies in the petitioner's testimony constitute substantial evidence supporting the IJ's adverse credibility finding. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 77 (2d Cir.2004). For instance, the petitioner provides relevant dates during his testimony that contradict dates written on his asylum application; he explains the inconsistencies merely by stating that the dates on the application were "mistake[s]." These dates are important and go to the heart of petitioner's claim of persecution for practicing Falun Gong.

Petitioner's application also states that after he was released from prison he promised his parents that he would not continue to practice Falun Gong. According to the application, soon after he was released, he was about to commence practicing at home, but his parents stopped him because they were afraid that the police would arrest him. Petitioner's application also states that "[his] several *attempts* to practice Falun Gong *failed."*

During the proceeding before the IJ, however, petitioner testified that after he was released from prison, he *continued* to practice Falun Gong, and the officials came to his house and threatened him as a result. This inconsistency also strikes at the heart of petitioner's claim about his well-founded fear and therefore further supports the decision of the BIA.

We have considered all other arguments raised by petitioner and find them to be without merit.

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.

Accordingly, for the reasons set forth above, the petition is hereby **DENIED.**